IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS CHARLEY GONZALEZ, <br> TDCJ #1587051, | § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. H-10-2042 |
| RICK THALER, *et al.*, | § <br> § <br> § | |
| Defendants. | § | |

# **MEMORANDUM AND ORDER**

The plaintiff, Carlos Charley Gonzalez (TDCJ #1587051, former TDCJ #962537, #738834, #627507), also known as Carlos Charlie Gonzales, also known as Charlie Carlos Gonzalez,[1] is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Gonzalez has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, along with a supporting memorandum, and he seeks leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

---

[1] The plaintiff indicates that his name is "Carlos Charley Gonzalez." [*See* Complaint, Doc. # 1]. The plaintiff's name appears as "Carlos Charley Gonzales" on TDCJ time-credit calculation records. [*See* Memorandum, Exhibit I, Doc. # 2]. The Inmate Trust Fund Account Statement, however, lists the plaintiff's as "Charlie Carlos Gonzalez." [*See* In-Forma-Pauperis Data Sheet, Doc. # 3]. For the sake of consistency, the Court will refer to the plaintiff as "Gonzalez" or simply as "the plaintiff."

## I.     BACKGROUND

Gonzalez is currently incarcerated at TDCJ's Jester III Unit in Richmond, Texas, as the result of more than one felony conviction. Gonzalez does not challenge any of his underlying convictions here. Instead, Gonzalez takes issue with the administration of his sentences in relation to his eligibility for release from imprisonment. Gonzalez's convictions and the relevant sentences are outlined briefly below.[2]

Gonzalez reports that he was convicted of unlawful possession of a firearm on March 15, 1995, and sentenced to fifteen years' imprisonment in Harris County cause number 690129. The Court takes judicial notice of public records showing that, prior to that conviction, Gonzalez was convicted and sentenced to fifteen years' imprisonment on March 11, 1992, for delivery of marijuana, possession of cocaine, and escape in Harris County cause numbers 614859, 611819, and 611820, respectively. Those records also show that, on June 6, 1996, Gonzalez received a five-year prison sentence for possession of marijuana in Jim Wells County cause number 96-04-9124.

Gonzalez indicates that, on August 9, 2001, he was released on the form of parole known as mandatory supervision.[3] While on mandatory supervision, Gonzalez was arrested

---

[2]     Gonzalez provides details about some of his convictions and sentences in the complaint and supporting memorandum, which includes several exhibits. [Docs. # 1 & # 2]. Gonzalez's holding convictions, which are listed under his inmate number (TDCJ #1587051), are a matter of public record. *See* Texas Department of Criminal Justice, Offender Information, at www.tdcj.state.tx.us (last visited June 14, 2010).

[3]     There are two ways in which a Texas inmate becomes eligible for early release from prison under state law. The first is by "parole" and the second is "mandatory supervision" release.
(continued...)

on October 17, 2005. Shortly thereafter, on October 20, 2005, Gonzalez was convicted pursuant to his guilty plea to charges of possession of cocaine, unauthorized use of a motor vehicle, and evading arrest in a motor vehicle. As a result, Gonzalez received sentences of fifteen years' imprisonment in Harris County cause number 1044105, 1044103, and 1044104, respectively.

Records provided by Gonzalez show that, upon his return to prison, Gonzalez forfeited all previously earned credit for good conduct (*i.e.*, "good-time credit"). On December 7, 2006, however, prison officials adjusted Gonzalez's records to allow credit for the time he spent out of custody while on mandatory supervision (*i.e*, "street-time credit").[4]

In his pending civil rights complaint, Gonzalez insists that the fifteen-year sentence that he received for unlawful possession of a firearm in Harris County cause number 690129 has expired, but that prison officials have failed or refused to release him. Gonzalez

---

[3](...continued)
"Parole" means "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6) (Vernon 2004). "Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007). Regardless of the distinction, once an inmate is released to mandatory supervision, he is considered to be on parole. *See Jackson*, 475 F.3d at 263, n.1 (citing TEX. GOV'T CODE § 508.147(b); *Coleman v. Dretke*, 395 F.3d 216, 219, n.1 (5th Cir. 2004)).

[4] "Street-time credit refers to calendar time a person receives towards his sentence for days spent on parole or mandatory supervision." *Ex parte Spann*, 132 S.W.3d 390, 392 n.2 (Tex. Crim. App. 2004).

maintains that this sentence has been calculated incorrectly in violation of Texas law. Gonzalez argues further that the erroneous calculation of this sentence is the result of an improper retroactive application of Texas statute, which violates his right to due process and the constitutional prohibition against ex post facto laws.

Gonzalez sues Rick Thaler, in his capacity as Director of TDCJ. He also sues the Director of the Texas Board of Pardons and Paroles and the Texas Board of Criminal Justice. Arguing that he has been incarcerated past the expiration of his sentence in cause number 690129, Gonzalez seeks compensatory and punitive damages under 42 U.S.C. § 1983, among other things. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.    STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary

relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (citations and internal quotation marks omitted). A complaint lacks an arguable basis in fact when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989)).

A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citation omitted)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

5

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Of course, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle*[ *v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

## III. DISCUSSION

In this instance, Gonzalez plainly seeks monetary damages for alleged violations of his civil rights in connection with his continued confinement. To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then

the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Here, Gonzalez maintains that he has been incarcerated past the expiration date of his sentence in Harris County cause number 690129. The rule in *Heck* bars Gonzalez's complaint because his allegations about the calculation of his sentence would, if true, necessarily imply the invalidity of his continued incarceration. Gonzalez, who appears to seek his immediate release, does not allege and the pleadings do not otherwise show that his claims have been adjudicated on the merits in state court. Thus, the record does not show that the calculation of Gonzalez's sentence, or the alleged failure of prison officials to grant early release from confinement, has been invalidated or otherwise set aside by an authorized state tribunal or by a federal habeas corpus proceeding under 28 U.S.C. § 2254.[5] For this reason, Gonzalez's civil rights claims are not cognizable under 42 U.S.C. § 1983 at this time and his complaint must be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

---

[5] The Court recognizes that Gonzalez also seeks declaratory and injunctive relief. The Court declines to reclassify this case as a habeas corpus proceeding, however, because Gonzalez does not allege facts showing that he has exhausted his state court remedies by challenging the calculation of his sentence, or any adverse parole determination, in the Texas courts.

1. The plaintiff's motion for leave to proceed *in forma pauperis* [Doc. # 3] is **GRANTED**.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Carlos Charley Gonzalez, also known as Charlie Carlos Gonzalez (TDCJ #1587051) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim under 42 U.S.C. § 1983.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on June 15, 2010.

Nancy F. Atlas
United States District Judge